# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN MICHAEL CRIM, | 1:08-cv-01595 LJO DLB HC |
| Petitioner, | FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| NEIL H. ADLER, Warden, et.al., | [Doc. 1] |
| Respondents. | |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

Petitioner filed the instant petition for writ of habeas corpus on October 23, 2008, claiming that the Bureau of Prisons ("BOP") has refused to assess him for eligibility placement in a Community Corrections Center ("CCC") under 18 U.S.C. § 3621(b), without reference to 28 C.F.R. §§ 570.21 and 570.21.

I.     Standard of Review

Writ of habeas corpus relief extends to a person in custody under the authority of the United States. See 28 U.S.C. § 2241. Writ of habeas corpus relief is available if a federal prisoner can show he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Petitioner's claims are proper under 28 U.S.C. § 2241 and not 28 U.S.C. § 2255 because they concern the manner, location, or conditions of the execution of petitioner's sentence and not the fact of petitioner's conviction or sentence. Tucker

v. Carlson, 925 F.2d 330, 331 (9th Cir.1990) (stating that a challenge to the execution of a sentence is "maintainable only in a petition for habeas corpus filed pursuant to 28 U.S.C. § 2241"); Montano-Figueroa v. Crabtree, 162 F.3d 548, 549 (9th Cir.1998) (*per curiam*) (allowing a federal prisoner to use § 2241 to challenge the BOP's restitution policies).

Further, Petitioner is challenging the execution of his sentence at the Taft Correctional Institution ("TCI") in Taft which is within the Fresno Division of the Eastern District of California; therefore, the Court has jurisdiction over this petition. See Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990).

II.     Second Chance Act of 2007

On April 9, 2008, the President signed the Second Chance Act of 2007 ("Act"), Pub. L. No. 110-199, 122 Stat. 657 (2008) into law, which amends section 3624(c), to increase the maximum time for pre-release CCC placement from six months to twelve months and requires placement decisions to be made on an individual basis consistent with the criteria set forth in the statute. A new subsection was added to section 3624(c), which states:

> (6) Issuance of regulations - The Director of the Bureau of Prisons shall issue regulations pursuant to this subsection not later than 90 days after the date of the enactment of the Second Chance Act of 2007, which shall ensure that placement in a community correctional facility by the Bureau of Prisons is-
>
> (A) conducted in a manner consistent with section 3621(b) of this title;
>
> (B) determined on an individual basis; and
>
> (C) of sufficient duration to provide the greatest likelihood of successful reintegration into the community.

Although the instant petition was filed after the enactment of the Act, Petitioner's claim has been rendered moot by the Act. As just noted, the Act directs that any placement decision must be conducted in compliance with the factors outlined in section 3621(b), thereby invalidating 28 C.F.R. §§ 570.21 and 570.21-the basis of Petitioner's challenge in the instant petition.[1,2] Accordingly, the instant petition for writ of habeas corpus should be dismissed as

---

[1] Section 570.20(a) states:

> (a) This subpart provides the Bureau of Prisons' (Bureau) categorical exercise of

moot.

III.     Exhaustion of Administrative Remedies

In addition, a petitioner who is in federal custody and wishes to seek habeas relief pursuant to 28 U.S.C. § 2241 must first exhaust available administrative and judicial remedies. Brown v. Rison, 895 F.2d 533, 535 (9th Cir.1990); Chua Han Mow v. United States, 730 F.2d 1308, 1313 (9th Cir.1984). It is only after a petitioner has fully exhausted his administrative remedies that he becomes entitled to present his claims to the federal court. See United States v. Mathis, 689 F.2d 1364, 1365 (11th Cir.1982). In Ruviwat v. Smith, 701 F.2d 844, 845 (9th Cir.1983) (*per curiam*), the Ninth Circuit explained why a petitioner must first exhaust his administrative remedies before filing for habeas relief: "The requirement of exhaustion of remedies will aid judicial review by allowing the appropriate development of a factual record in an expert forum; conserve the court's time because of the possibility that the relief applied for may be granted at the administrative level; and allow the administrative agency an opportunity to correct errors occurring in the course of administrative proceedings. See also Chua Han Mow, 730 F.2d at 1313.

Petitioner does not indicate whether he has exhausted the administrative remedies with respect to his claim. In light of the enactment of the Act, it does not appear that exhaustion would be futile in this case, and Petitioner should seek relief via the administrative appeals

---

discretion for designating inmates to community confinement. The Bureau designates inmates to community confinement only as part of pre-release custody and programming which will afford the prisoner a reasonable opportunity to adjust to and prepare for re-entry into the community.

Section 570.21 states:

(a) The Bureau will designate inmates to community confinement only as part of pre-release custody and programming, during the last ten percent of the prison sentence being served, not to exceed six months.

[2] When Petitioner is eligible for assessed of CCC placement it is now apparent that such review will be conducted without reference to the 28 C.F.R. §§ 570.21 and 570.21, and any challenge to that future determination is not yet ripe for review.

3

process at TCI.[3]

### RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that the instant petition for writ of habeas corpus be DISMISSED, for the reasons explained above.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **November 20, 2008**            /s/ **Dennis L. Beck**
                                       UNITED STATES MAGISTRATE JUDGE

---

[3] Also, in <u>Rodriguez v. Smith</u>, the Ninth Circuit held that because "the BOP's regulations categorically exclude CCC placement of inmates with more than ten percent of their sentences remaining, they necessarily fail to apply the mandatory factors listed in § 3621(b) to those inmates." 541 F.3d 1180, 1187 (9th Cir. 2008)