# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN MICHAEL CRIM,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>NEIL H. ADLER, Warden, et.al.,<br><br>　　　　　Respondents. | 1:08-cv-01595 LJO DLB HC<br><br>FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## BACKGROUND

Petitioner is currently incarcerated at the Taft Correctional Institution in Taft, California, serving a 96-month term of imprisonment following his conviction for Conspiracy to Defraud the United States in violation of 18 U.S.C. § 371 and Corrupt Endeavor to Interfere with Administration of Internal Revenue laws in violation of 26 U.S.C. § 7212(a). See Answer, Attachment 1, Judgement and Commitment Order.

Petitioner filed the instant petition for writ of habeas corpus on October 23, 2008, and contends that he is entitled to immediate consideration for transfer to a Residential Re-Entry Center ("RRC"). Respondent filed an answer to the petition on April 6, 2009. (Court Doc. 16.) Petitioner filed a traverse on April 20, 2009. (Court Doc. 17.)

DISCUSSION

I. Standard of Review

Writ of habeas corpus relief extends to a person in custody under the authority of the United States. See 28 U.S.C. § 2241. While a federal prisoner who wishes to challenge the validity or constitutionality of his conviction must bring a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255, a petitioner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. See, e.g., Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2d Cir. 1991); United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991); Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990). To receive relief under 28 U.S.C. § 2241 a petitioner in federal custody must show that his sentence is being executed in an illegal, but not necessarily unconstitutional, manner. See e.g. Clark v. Floyd, 80 F.3d 371, 372, 374 (9th Cir. 1995) (contending time spent in state custody should be credited toward federal custody); Jalili, 925 F.2d at 893-94 (asserting petitioner should be housed at a community treatment center); Barden, 921 F.2d at 479 (arguing Bureau of Prisons erred in determining whether petitioner could receive credit for time spent in state custody); Brown, 610 F.2d at 677 (challenging content of inaccurate pre-sentence report used to deny parole). A petitioner filing a petition for writ of habeas corpus under 28 U.S.C. § 2241 must file the petition in the judicial district of the petitioner's custodian. Brown, 610 F.2d at 677. Petitioner is in the custody of the Taft Correctional Institution in Taft, California, which is located within the jurisdiction of this Court. 28 U.S.C. §§ 2254(a); 2241(d).

II. Exhaustion Administrative Remedies

Before filing a petition for writ of habeas corpus, a federal prisoner challenging any circumstance of imprisonment must first exhaust all administrative remedies. Martinez v. Roberts, 804 F.2d 570, 571 (9th Cir. 1986); Chua Han Mow v. United States, 730 F.2d 1308, 1313 (9th Cir. 1984); Ruviwat v. Smith, 701 F.2d 844, 845 (9th Cir. 1983). The requirement that federal prisoners exhaust administrative remedies before filing a habeas corpus petition was judicially created; it is not a statutory requirement. Brown v. Rison, 895 F.2d 533, 535 (9th Cir.

1990). Thus, "because exhaustion is not required by statute, it is not jurisdictional." Id. If Petitioner has not properly exhausted his claims, the district court, in its discretion, may either "excuse the faulty exhaustion and reach the merits or require the petitioner to exhaust his administrative remedies before proceeding in court." In sentence computation cases, a defendant must "commence serving his sentence and exhaust his administrative remedies before he can petition for judicial review of the denial of credit for time served in custody." United States v. Checchini, 967 F.2d 348, 350 (9th Cir. 1992).

Respondent argues that petition should be dismissed for Petitioner's failure to exhaust all available administrative remedies. Although in his petition, Petitioner admitted that he did not make a effort to exhaust the administrative remedies because he believed it would be futile, in his traverse Petitioner points out that he has made several efforts to administrative exhaust his claim(s). Petitioner submits a copies of a "TCI Inmate Request to Staff" dated March 2, 2009, "TCI Inmate Request to Staff" dated March 4, 2009", Request for Administrative Remedy at Informal level dated March 12, 2009, and Request for Administrative Relief to Warden. (Unenumerated Attachments to Traverse.) Based on Petitioner's efforts to seek administrative relief and the responses he received thereto, the Court finds that Petitioner's failure to completely exhaust the administrative remedies shall be excused in this instance.

III.     Review of Petition

There are two statutory basis to transfer an inmate to an RRC to serve the remainder of his term. Under 18 U.S.C. § 3621(b), the BOP has the discretionary authority to transfer an inmate to any available penal or correctional facility at any time, prior to an inmate's pre-release RRC placement. See also Rodriguez v. Smith, 541 F.3d 1180 (9th Cir. 2008). However, under 18 U.S.C. § 3624(c), the BOP must consider an inmate for pre-release transfer to an RRC for up to the final twelve months of his sentence, pursuant to the Second Chance Act of 2007, Pub. L. No. 110-19.

Because an inmate is legally eligible to be transferred to an RRC at any time during their sentence, on November 14, 2008, the BOP issued guidance to staff for considering and responding to inmate requests for routine transfer to RRC's. (Answer, Attachment 4, November

14, 2008, Kathleen M. Kenney, Assistant Director/General Counsel, and Joyce K. Conley, Assistant Director/Correctional Programs Division, Memorandum, "Inmate Requests for Transfer to Residential Reentry Centers" (hereinafter referred to as "Routine RRC Transfer Guidance")). When considering a transfer, "prior to the pre-release time frame of 12-months from release, staff must individually consider the request, just as they would any other request for lower security transfer." Id. at 1-2. In rendering its decision, staff must utilize the five factors outlined in § 3621(b), and staff "cannot, therefore, automatically deny an inmate's request for transfer to an RRC. Rather, inmate requests for RRC placement must receive individualized consideration." Id. The BOP may initiate such transfer at any time, and if an inmate requests a transfer prior to the pre-release transfer time-frame, the review will occur "in conjunction with the (inmates) next scheduled Program Review." Id. at 2.

Irrespective of its discretionary authority to transfer inmates to RRC's, the BOP has a separate and distinct obligation to consider inmates for pre-release transfer to an RRC. On April 14, 2008, the BOP issued a Memorandum to provide guidance to staff in fulfilling its obligation in accordance with the Act. (Answer, Attachment 3, April, 14, 2008, Joyce K. Conley, Assistant Director/Correctional Programs Division, and Kathleen M. Kenney, Assistant Director/General Counsel, Memorandum, "Pre-Release Residential Re-Entry Center Placements Following the Second Chance Act of 2007" (hereinafter referred to as "Pre-Release RRC Transfer Guidance")). In addition to considering the five factors outlined in § 3621(b), staff are also required to "ensure that each pre-release RRC placement decision is 'of sufficient duration to provide the greatest likelihood of successful reintegration into the community.' See 18 U.S.C. § 3624(c)(6)(C) (amended)." Id. at 3-4. The Pre-Release RRC Transfer Guidance specifically indicates that "the Bureau's categorical timeframe limitations on pre-release community confinement, found at 28 C.F.R. §§ 570.20 and 570.21, are no longer applicable, and must no longer be followed." Id. at 3. The BOP conducts its obligatory review for transfer "17-19 months before [the inmates] projected release dates" and the maximum placement is limited to 12 months. Id.; 18 U.S.C. § 3624(c)(1).

//

1 | Respondent argues initially that the change in BOP policy has rendered the instant petition moot. The case or controversy requirement of Article III of the Federal Constitution deprives the Court of jurisdiction to hear moot cases. Iron Arrow Honor Soc'y v. Heckler, 464 U.S. 67, 70 104 S.Ct. 373, 374-75 (1983); NAACP., Western Region v. City of Richmond, 743 F.2d 1346, 1352 (9th Cir. 1984). A case becomes moot if the "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Murphy v. Hunt, 455 U.S. 478, 481, 102 S.Ct. 1181, 1183 (1984). The Federal Court is "without power to decide questions that cannot affect the rights of the litigants before them" North Carolina v. Rice, 404 U.S. 244, 246, 92 S.Ct. 402, 406 (1971) *per curiam*, *quoting* Aetna Life Ins. Co. v. Hayworth, 300 U.S. 227, 240-241, 57 S.Ct. 461, 463-464 (1937).

Respondent is correct. To the extent Petitioner attempts to seek an evaluation pursuant to section 3621(b), and without the six month limitation found invalid in Rodriguez v. Smith, 541 F.3d 1180 (9th Cir. 2008), the BOP has already implemented such relief and such claim is moot. Pursuant to the November 14, 2008, memo, inmates will be evaluated for routine transfer, if he so requests, "in conjunction with [his] next scheduled Program Review." (Answer, Attachment 4, Routine RRC Transfer Guidance.) Moreover, such evaluation, if requested, will be conducted without reference to the former BOP regulations set forth in 28 C.F.R. §§ 570.20 and 570.21, and in accordance with the Act and Rodriguez v. Smith, 541 F.3d 1180.

However, in his traverse, Petitioner reiterates and clarifies that he "does not 'demand' that 'BOP must' consider him for transfer to a halfway house, only that he was routinely requesting such transfer to be considered at his next Program Review." (Traverse, at 5.) Petitioner states that a routine program review took place on March 12, 2009, and it was determined that his current designation is appropriate. (Traverse, at 2, Attachments, Program Review Team, dated March 12, 2009; Request for Administrative Remedy, dated March 12, 2009.) On March 24, 2009, Warden Adler issued a response to Petitioner's administrative appeal that alleged staff failed to consider him for routine transfer to an RRC prior to the twelve-month time frame,

//
//

stating:

>Your request has been investigated. The issue of transfers is left up to the discretion of the Warden and the Designation and Sentence Computation Center (DSCC) per Program Statement 5100.09, Security Designation/Custody Classification Manual. Ordinarily, transfer requests are to be addressed at regularly scheduled program reviews. Several factors are considered when determining an inmate's appropriateness for transfer. These factors include, but are not limited to, the resources of the facility contemplated, the nature of the circumstances of the offense, the history and characteristics of the prisoner, any statement by the court that imposed the sentence, and any pertinent policy statement issued by the U.S. Sentencing Commission pursuant to section 994(a) of title 28. Program Statement 5100.08 further indicates that each inmate will be placed in a facility commensurate with their security and programming needs through an objective and consistent system of classification which allows staff to exercise their professional judgment.
>
>Records indicate that you requested transfer to a Residential Re-Entry Center (RRC) on March 11, 2009. In accordance with Program Statement 5100.08, staff reviewed your request at your program review on March 12, 2009. Your unit team determined, in the exercise of their professional judgment and after individualized review, that your current designation to the Taft Correctional Institution Satellite Camp is appropriate and commensurate with your security and programming needs. Therefore, your request for transfer to an RRC is denied at this time. However, when you are approximately 17 - 19 months from your projected release date, staff will review you for RRC placement based on the requirements of the Second Chance Act of 2007.
>
>Based on the above, your request to be considered for transfer to an RRC, prior to the 12 month time frame referenced in the Second Chance Act of 2007,was granted.

(Traverse, Institution Administrative Remedy Appeal 20089028-FI, dated March 24, 2009.)

It is clear from the Warden's response that Petitioner was evaluated for a routine transfer to an RRC prior pursuant to Program Statement 5100.08, which complies with both the Second Chance Act of 2007 and <u>Rodriguez v. Smith</u>, 541 F.3d 1180. Petitioner merely disagrees with the BOP's discretionary determination. However, the record clearly refutes his claim, and relief is foreclosed under section 2241.

<u>RECOMMENDATION</u>

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. The instant petition for writ of habeas corpus be DENIED; and

2. The Clerk of Court be directed to enter judgment in favor of Respondent.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **May 11, 2009**  **/s/ Dennis L. Beck**
UNITED STATES MAGISTRATE JUDGE